<div style="border:1px solid black">

**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

</div>

❑   Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Global Assets LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 36-5121789 |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| <u>127</u>      <u>Public Square</u><br>Number      Street | Number                Street |
| <u>Suite 5300</u> | P.O. Box |
| <u>Cleveland</u>      <u>Ohio</u>      <u>44114</u><br>City          State          ZIP Code | City            State          ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| <u>Cuyahoga</u><br>County | Number          Street |
| | City            State          ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |

6.  **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

| Debtor | Global Assets LLC | Case number (if known) | 25-_____ ( ) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

<u>3363</u> - <u>Motor Vehicle Parts Manufacturing</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes | District _____ | When _____ MM/ DD/ YYYY | Case number _____ |

| District _____ | When _____ MM / DD/ YYYY | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes | Debtor <u>See Schedule 1</u> | Relationship <u>See Schedule 1</u> |

| District <u>Southern District of Texas</u> | When <u>September 24, 2025</u> MM / DD/ YYYY |

Case number, if known _____

Debtor    Global Assets LLC                                          Case number (if known)    25-_____ ( )
          Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number          Street

                          _____
                          City                    State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

           Contact Name _____

           Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☒ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor  Global Assets LLC
        _____
        Name

Case number (if known) _____ 25- _____ ( _____ )

| | | | | | |
|---|---|---|---|---|---|
| **16. Estimated liabilities** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☒ | $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   September 24, 2025
              MM/DD/YYYY

✘   /s/ Charles M. Moore                            Charles M. Moore
    _____          _____
    Signature of authorized representative of      Printed name
    debtor

    Authorized Signatory
    _____
    Title

**18. Signature of attorney**

✘   /s/ Clifford W. Carlson              Date   September 24, 2025
    _____          _____
    Signature of attorney for debtor                MM/DD/YYYY

    Clifford W. Carlson                            Matthew S. Barr
    _____          _____
    Printed Name

    Weil, Gotshal & Manges LLP                     Weil, Gotshal & Manges LLP
    _____          _____
    Firm Name

    700 Louisiana Street, Suite 3700               767 Fifth Avenue
    _____          _____
    Address

    Houston, Texas 77002                           New York, New York 10153
    _____          _____
    City/State/Zip

    (713) 546-5000                                 (212) 310-8000
    _____          _____
    Contact Phone

    clifford.carlson@weil.com                      matt.barr@weil.com
    _____          _____
    Email Address

    24090024              Texas
    _____          _____
    Bar Number            State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**"). The Debtors will file a motion with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas.

| COMPANY |
| --- |
| Global Assets LLC |
| Global Lease Assets Holdings, LLC |
| Carnaby Capital Holdings, LLC |
| Broad Street Financial, LLC |
| Broad Street Financial Holdings, LLC |
| Carnaby Inventory II, LLC |
| Carnaby Inventory Holdings II, LLC |
| Carnaby Inventory III, LLC |
| Carnaby Inventory Holdings III, LLC |
| Patterson Inventory, LLC |
| Patterson Inventory Holdings, LLC |
| Starlight Inventory I, LLC |
| Starlight Inventory Holdings I, LLC |

**OMNIBUS ACTION BY WRITTEN CONSENT OF
THE APPLICABLE GOVERNING BODY OF EACH OF
THE ENTITIES LISTED ON SCHEDULE A HERETO**

September 24, 2025

With respect to (A) each of the entities on **Schedule A** hereto (each, a "**Company**" and, collectively, the "**Companies**"), the undersigned, being either (i) the sole member of such Company, (ii) the sole manager of such Company, or (iii) the equivalent of any of the foregoing (each of clauses (i) and (iii), with respect to such Company, its "**Approver**") of the Company or Companies set forth on the undersigned's signature page to this written consent, and (B) each of the entities on **Schedule B** hereto (each, an "**SPE Subsidiary**"), its "Independent Manager(s)" (as such term is used in the organizational documents of such SPE Subsidiary), in each case, effective as of the date written above, hereby consents to, adopts, approves and authorizes the following resolutions and all actions effected herein by written consent in lieu of a meeting, in each case, in accordance with the applicable provisions of such Company's limited liability agreement, operating agreement, or other applicable organizational documents in effect as of the date of this written consent and the applicable laws of the jurisdiction in which such Company is organized. With respect to each Company, its Approver and to the extent applicable, its Independent Manger(s) (as such term is used in the organizational documents of such SPE Subsidiary), are herein referred to individually as a "**Governing Body**" for the Company in which it serves, and collectively, as the "**Governing Bodies**".

**WHEREAS**, each Governing Body has had the opportunity to review and analyze the assets, liabilities and liquidity of the Company for which it serves as Governing Body and the strategic alternatives available to such Company and the impact of the foregoing on such Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the Company for which it serves as the Governing Body to fully consider, and has considered, the strategic alternatives available to such Company;

**WHEREAS**, each Governing Body believes that taking the actions set forth below is in the best interests of the Company for which it serves as the Governing Body (including, but not limited to, because of the ability of creditors to exercise remedies against the Company and the need to protect the interests of the Company under the circumstances) and, therefore, desires to approve the following resolutions.

1. **Chapter 11 Filing**

**NOW, THEREFORE, BE IT RESOLVED**, that with respect to each Company in the respective business judgment of each Governing Body of such Company, and in consultation with management and the legal and financial advisors of the Companies, it is desirable and in the best interests of such Company (including in consideration of its respective creditors) that such Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for

relief (each a "**Chapter 11 Case**" and collectively, the "**Chapter 11 Cases**") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**FURTHER RESOLVED**, that any officer, manager, or other authorized person of the Company (collectively, the "**Authorized Persons**"), acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to execute and file all petitions and related documents to the extent necessary to commence the Chapter 11 Cases;[1] and

**FURTHER RESOLVED**, that all acts and deeds previously performed by any of the Authorized Persons prior to the adoption of the foregoing resolutions that are within the authority conferred by the foregoing resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of such Company.

## 2. General Resolutions

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to each Company, each Authorized Person, in the name and on behalf of its respective Company, in each case, acting alone or with one or more other Authorized Persons, be, and hereby is, authorized, empowered, and directed to take any and all action consistent with these resolutions that such Authorized Person deems necessary, proper, or advisable in order to carry out fully the intent and purposes of these resolutions or otherwise as each such Authorized Person, in his or her sole discretion, may approve, deem necessary, appropriate, desirable, or advisable to carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, that, to the extent that any Company serves as the sole member, sole manager, managing member, general partner, partner or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Person of such Company, who may act without the joinder of any other Authorized Person, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that such Company is authorized to take hereunder and/or (ii) take any action on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of such Controlling Company; and

**FURTHER RESOLVED**, that each Governing Body has received sufficient notices of the actions and transactions relating to the matters contemplated by all of the foregoing resolutions, as may be required by the organizational documents of the Company for which it serves as the Governing Body, or hereby waives any rights to have received such notices as set

---

[1] For the avoidance of doubt, to the extent that any Company serves as the Controlling Company (defined herein) of any other Company, each such appointment of the Authorized Persons shall have been deemed to occur sequentially at the time of appointment by the applicable Governing Bodies of each respective Company (including by such Controlling Company).

forth in the applicable organizational documents; and

**FURTHER RESOLVED**, that each Governing Body hereby irrevocably waives notice of the time, place, and purposes of a meeting and any adjournments thereof, to the extent such notice is required by the applicable organizational documents of the Company for which it serves as the Governing Body; and

**FURTHER RESOLVED**, that any and all past actions heretofore taken and expenses incurred in the name of and on behalf of each Company by any officer, director, manager, or other Authorized Person of any such Company in connection with or related to the matters set forth or contemplated by any of the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects as fully as if such actions had been presented to and approved by the Governing Bodies prior to such actions being taken; and

**FURTHER RESOLVED**, that any Authorized Person, with respect to its respective Company, is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions.

<p style="text-align:center">*     *     *     *</p>

Each undersigned (being the Governing Body for the Company for which it serves as the Governing Body) agrees that this written consent shall be added to the corporate records of each such Company and made a part thereof, and the undersigned further agrees that the resolutions set forth herein shall have the same force and effect as if adopted at a meeting duly noticed, held, called and constituted pursuant to each such Company's respective organizational documents and the applicable laws of the jurisdiction in which each such Company is organized. Facsimile, scanned, or electronic signatures shall be acceptable as originals.

**SCHEDULE A**

| Company Name |
| --- |
| 1. Carnaby Capital Holdings, LLC |
| 2. Global Assets LLC |
| 3. Global Lease Assets Holdings, LLC |
| 4. Carnaby Inventory Holdings II, LLC |
| 5. Carnaby Inventory Holdings III, LLC |
| 6. Carnaby Inventory II, LLC |
| 7. Carnaby Inventory III, LLC |
| 8. Patterson Inventory Holdings, LLC |
| 9. Patterson Inventory, LLC |
| 10. Starlight Inventory Holdings I, LLC |
| 11. Starlight Inventory I, LLC |
| 12. Broad Street Financial Holdings, LLC |
| 13. Broad Street Financial, LLC |

## **SCHEDULE B**

| **SPE Subsidiary** |
| --- |
| 1. Starlight Inventory I, LLC |
| 2. Patterson Inventory, LLC |
| 3. Broad Street Financial, LLC |
| 4. Carnaby Inventory II, LLC |
| 5. Carnaby Inventory III, LLC |
| 6. Global Assets LLC |

*[Signature pages follow]*

B-1

IN WITNESS WHEREOF, the undersigned, being the Manager of each of (1) Global Lease Assets Holdings, LLC, (2) Carnaby Capital Holdings, LLC, (3) Carnaby Inventory Holdings II, LLC, (4) Carnaby Inventory Holdings III, LLC, (5) Patterson Inventory Holdings, LLC, (6) Starlight Inventory Holdings I, LLC and (7) Broad Street Financial Holdings, LLC, has executed this written consent as of the date first written above.

**MANAGER:**

_____
Patrick James

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Carnaby Inventory II, LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**CARNABY INVENTORY HOLDINGS II, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**MANAGER:**

**CARNABY INVENTORY HOLDINGS II, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**INDEPENDENT MANAGERS:**

_____
Neal Goldman

_____
William Transier

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Carnaby Inventory II, LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**CARNABY INVENTORY HOLDINGS II, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**MANAGER:**

**CARNABY INVENTORY HOLDINGS II, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**INDEPENDENT MANAGERS:**

_____
Neal Goldman

_____
William Transier

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Carnaby Inventory II, LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**CARNABY INVENTORY HOLDINGS II, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**MANAGER:**

**CARNABY INVENTORY HOLDINGS II, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**INDEPENDENT MANAGERS:**

_____
Neal Goldman

_____
William Transier

*[SIGNATURE PAGE TO OMNIBUS CONSENT]*

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Carnaby Inventory III, LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**CARNABY INVENTORY HOLDINGS III, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**MANAGER:**

**CARNABY INVENTORY HOLDINGS III, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**INDEPENDENT MANAGERS:**

_____
Neal Goldman

_____
William Transier

*[SIGNATURE PAGE TO OMNIBUS CONSENT]*

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Carnaby Inventory III, LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**CARNABY INVENTORY HOLDINGS III, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**MANAGER:**

**CARNABY INVENTORY HOLDINGS III, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**INDEPENDENT MANAGERS:**

_____
Neal Goldman

_____
William Transier

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Carnaby Inventory III, LLC, has executed this written consent as of the date first written above.

MEMBER:

**CARNABY INVENTORY HOLDINGS III, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**MANAGER:**

**CARNABY INVENTORY HOLDINGS III, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

**INDEPENDENT MANAGERS:**

_____
Neal Goldman

_____
William Transier

*[SIGNATURE PAGE TO OMNIBUS CONSENT]*

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Broad Street Financial, LLC, has executed this written consent as of the date first written above.

**MEMBER:**
**BROAD STREET FINANCIAL HOLDINGS, LLC**

By: _____

Name: Patrick James
Title:    President and Chief Executive Officer

**MANAGER:**

_____

Name:  Patrick James

**INDEPENDENT MANAGERS:**

_____

Name:  Neal Goldman

_____

Name: William Transier

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Broad Street Financial, LLC, has executed this written consent as of the date first written above.

**MEMBER:**
**BROAD STREET FINANCIAL HOLDINGS, LLC**

By: _____
Name: Patrick James
Title:    President and Chief Executive Officer

**MANAGER:**

_____
Name: Patrick James

**INDEPENDENT MANAGERS:**

_____
Name:   Neal Goldman

_____
Name: William Transier

*[SIGNATURE PAGE TO OMNIBUS CONSENT]*

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Broad Street Financial, LLC, has executed this written consent as of the date first written above.

**MEMBER:**
**BROAD STREET FINANCIAL HOLDINGS, LLC**

By: _____
Name: Patrick James
Title:    President and Chief Executive Officer

**MANAGER:**

_____
Name: Patrick James

**INDEPENDENT MANAGERS:**

_____
Name: Neal Goldman

_____
Name: William Transier

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Global Assets LLC, has executed this written consent as of the date first written above.

**MEMBER:**
**CARNABY CAPITAL HOLDINGS LLC**

By: _____
Name:   Patrick James
Title:     President and Chief Executive Officer

**MANAGER:**

_____
Name:   Patrick James

**INDEPENDENT MANAGERS:**

_____
Name:   Neal Goldman

_____
Name:   William Transier

*[SIGNATURE PAGE TO OMNIBUS CONSENT]*

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Global Assets LLC, has executed this written consent as of the date first written above.

**MEMBER:**
**CARNABY CAPITAL HOLDINGS LLC**


By: _____
Name:  Patrick James
Title:    President and Chief Executive Officer



**MANAGER:**


_____
Name:  Patrick James



**INDEPENDENT MANAGERS:**

_____
Name:   Neal Goldman



_____
Name: William Transier

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Global Assets LLC, has executed this written consent as of the date first written above.

**MEMBER:**
**CARNABY CAPITAL HOLDINGS LLC**

By: _____
Name:  Patrick James
Title:    President and Chief Executive Officer

**MANAGER:**

_____

Name:  Patrick James

**INDEPENDENT MANAGERS:**

_____

Name:  Neal Goldman

_____
Name:  William Transier

*[SIGNATURE PAGE TO OMNIBUS CONSENT]*

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Starlight Inventory I, LLC, has executed this written consent as of the date first written above.

<div style="margin-left:45%">

**MEMBER:**
**STARLIGHT INVENTORY HOLDINGS I, LLC**

By: _____
Name:  Patrick James
Title:    President and Chief Executive Officer


**MANAGER:**

_____
Name:  Patrick James


**INDEPENDENT MANAGERS:**


_____
Name:  Neal Goldman



_____
Name: William Transier

</div>

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Starlight Inventory I, LLC, has executed this written consent as of the date first written above.

<div align="right">

**MEMBER:**
**STARLIGHT INVENTORY HOLDINGS I, LLC**

By: _____
Name:  Patrick James
Title:    President and Chief Executive Officer


**MANAGER:**


_____

Name:  Patrick James


**INDEPENDENT MANAGERS:**

_____
Name:   Neal Goldman




_____
Name: William Transier

</div>

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Starlight Inventory I, LLC, has executed this written consent as of the date first written above.

MEMBER:
**STARLIGHT INVENTORY HOLDINGS I, LLC**

By: _____
Name: Patrick James
Title:    President and Chief Executive Officer

**MANAGER:**

_____
Name: Patrick James

**INDEPENDENT MANAGERS:**

_____
Name: Neal Goldman

_____
Name: William Transier

*[SIGNATURE PAGE TO OMNIBUS CONSENT]*

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Patterson Inventory, LLC, has executed this written consent as of the date first written above.

**MEMBER:**
**PATTERSON INVENTORY HOLDINGS, LLC**

By: _____
Name:  Patrick James
Title:    President and Chief Executive Officer

**MANAGER:**

_____
Name:  Patrick James

**INDEPENDENT MANAGERS:**

_____
Name:  Neal Goldman

_____
Name: William Transier

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Patterson Inventory, LLC, has executed this written consent as of the date first written above.

**MEMBER:**
**PATTERSON INVENTORY HOLDINGS, LLC**

By: _____
Name:  Patrick James
Title:    President and Chief Executive Officer

**MANAGER:**

_____
Name:  Patrick James

**INDEPENDENT MANAGERS:**

_____
Name:   Neal Goldman

_____
Name:  William Transier

IN WITNESS WHEREOF, the undersigned, being the Member, Manager and Independent Managers of Patterson Inventory, LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**PATTERSON INVENTORY HOLDINGS, LLC**

By: _____

Name:  Patrick James

Title:    President and Chief Executive Officer

**MANAGER:**

_____

Name:  Patrick James

**INDEPENDENT MANAGERS:**

_____

Name:  Neal Goldman

_____

Name:  William Transier

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **GLOBAL ASSETS LLC,** | § | **Case No. 25-_____ ([●])** |
| | § | |
| | § | |
| **Debtor.** | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and its debtor affiliates (collectively, the "**Debtors**") respectfully represent as follows:

1.      Non-Debtor Mayfair Enterprises, LLC owns 100% of the outstanding membership interests in Non-Debtor Viceroy Private Capital, LLC ("**Viceroy**").

2.      Viceroy owns 100% of the outstanding membership interests in Debtor Carnaby Capital Holdings, LLC ("**Carnaby Holdings**").

3.      Carnaby Holdings owns 100% of the outstanding membership interests in Debtor Global Assets LLC and Non-Debtor Carnaby Capital LLC ("**Carnaby**").

4.      Carnaby owns 100% of the outstanding membership interests in Debtors:

      a.      Carnaby Inventory Holdings II, LLC, which owns 100% of the outstanding membership interests in Debtor Carnaby Inventory II, LLC;

      b.      Carnaby Inventory Holdings III, LLC, which owns 100% of the outstanding membership interests in Debtor Carnaby Inventory III, LLC;

      c.      Global Lease Assets Holdings, LLC;

      d.      Patterson Inventory Holdings, LLC, which owns 100% of the outstanding membership interests in Debtor Patterson Inventory, LLC;

      e.      Starlight Inventory Holdings I, LLC, which owns 100% of the outstanding membership interests in Debtor Starlight Inventory I, LLC; and

      f.      Broad Street Financial Holdings, LLC, which owns 100% of the outstanding membership interests in Debtor Broad Street Financial, LLC.

     5.     To the best of the Debtors' knowledge and belief, except as set forth above, no corporation directly or indirectly owns 10% or more of the outstanding membership interests of any Debtor.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **GLOBAL ASSETS LLC,** | § | Case No. 25-_____  ([●]) |
| | § | |
| | § | |
| Debtor. | § | |

<u>**LIST OF EQUITY HOLDERS**</u>[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies the equity security holders of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐   There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒   The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Carnaby Capital Holdings, LLC<br>127 Public Square, Suite 5300<br>Cleveland, Ohio 44114 | Units | 100% |

---

[1]   This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

| **Fill in this information to identify the case:** |
| --- |

Debtor name: <u>Global Assets LLC</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
<div align="right">(State)</div>

Case number (*If known*):    <u>25-_____ ( )</u>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>September 24, 2025</u>       **X** <u>/s/ Charles M. Moore</u>
<div style="margin-left:2em">MM/DD/YYYY</div>                   Signature of individual signing on behalf of debtor

<u>Charles M. Moore</u>
Printed name

<u>Authorized Signatory</u>
Position or relationship to debtor